# BENNETH O. AMADI, ESQUIRE.

*Attorney and Counselor at Law*
*204 Blossom Street Extension*
**Suite A**
**Lynn, Massachusetts 01901**

─────────────

**781-581-5144**
**Fax: 781-581-5145**
**bamadilaw@verizon.net**

July 15, 2019

The Honorable Katherine H. Parker
Daniel Patrick Moynihan, United States Courthouse
500 Pearl Street
New York, NY 10007-1312

**Re:    Nnaka v. Nigeria, et. Al., C.A. No. 1:18-cv-4404 (GHW) (KHP).**

**PLAINTIFF'S REQUEST FOR LEAVE TO FILE SURREPLY TO DEFENDANTS' REPLY.**

Dear Judge Parker:

This office represents the interest of Plaintiff, Godson M. Nnaka, in the above-referenced civil action. Plaintiff respectfully requests for the leave of this court to allow him to file sur reply to defendants' Replies in this case. Defendants' Replies are Docs. 96, 97, and 98. Although the DOJ defendants veiled their reply as a "letter motion," however, their intention and the meaning of their filing are obvious and unhidden. Plaintiff therefore respectfully asks that this request be granted in the interest of justice because plaintiff will be prejudiced and plaintiff will be unable to respond to the new issues, factual mischaracterizations and misrepresentations, and the new cases cited by defendants in their replies, if this request is not granted.

"The standard for granting a leave to file a sur reply is whether the party making the motion would be unable to contest matters presented to court for the first time in opposing party's reply." Lewis v. Rumsfield, 154 F.Supp.2d 56, 61 (D.D.C. 2001). Courts recognize that it is improper for a movant to raise in a reply brief new matters not previously addressed in the moving brief because the non-moving party may be "sandbagged" by not having the opportunity to respond. See Bd. Of Regents of the Univ. of Wash. V. Env'tl. Prot. Agency, 86 F.3d 1214, 1221 (D,C, Cir. 1996).

In the present case, the DOJ defendants' reply which they deliberately veiled as "a letter motion," raises new issues and also cites a claimed newly delivered ruling by Judge Loretta A. Preska in the case of *Gottlieb v. Tyler* in support of its baseless immunity

defense. However, the *Gottlieb v. Tyler* case has no relevance at all to the present plaintiff Nnaka's case and the conducts of the DOJ defendants thereto. In their reply, however, the DOJ defendants deliberately mischaracterized and embellished the facts of plaintiff Nnaka's present case and brought in the *Gottlieb v. Tyler* case to mislead this court. For one thing, that case does not involve the issues in the present case as it relates DOJ defendants' alleged immunity defense. **See Exhibit A hereto** and the discussions and cases cited therein in relation to the DOJ defendants' immunity defense. Plaintiff therefore requests for leave to respond to the DOJ's reply in the interest of justice.

In relation to the Nigerian defendants' replies, deliberate misrepresentations were also made, new issues raised and new cases were cited necessitating a sur reply by the plaintiff in this case. Among other things, the Nigerian defendants raised new and misleading arguments in relation to the application of res judicate to this case; misrepresented that Adoke prepared and transmitted the fabricated letter in issue; and misrepresented that plaintiff failed to address the alleged improper venue contention in the Nigerian defendants' motion to dismiss. **But please see Exhibit B hereto**. The Nigerian defendants also misstated that plaintiff failed to challenge its act of state doctrine defense. The Nigerian defendants also raised new issues and cited new cases in relation to fraudulent concealment. Plaintiff therefore respectfully asks for the permission and the leave of this court to respond and to clear the misrepresentations, mischaracterizations of facts and the new issues and cases raised in the Nigerian defendants' reply.

Thank you for your kind consideration of this request.

Respectfully for the Plaintiff,
Through his Attorney,

/s/ Banneth O. Amadi
Benneth O. Amadi, Esquire

2