USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/19/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
GODSON M. NNAKA,

                            Plaintiff,

                -against-

FEDERAL REPUBLIC OF NIGERIA,
ABUBAKA MALAMI (Nigeria's Attorney General
sued in his official and individual capacities),
MOHAMMED ADOKE (former Nigeria's
Attorney General sued in his official and individual
capacity), ELIZABETH ALOI (sued in her
individual capacity), MICHAEL KHOO (sued in his
individual capacity), CLAIBORNE RAMONA (sued
in his individual capacity), M. KENDALLY DAY
(sued in his individual capacity), JOHN DOE
(presently unknown defendants, individually),

                            Defendants.
-----------------------------------------------------------------X

1:18-cv-4404-GHW

ORDER

GREGORY H. WOODS, United States District Judge:

       Before the Court is the Report and Recommendation (the "R&R") by Magistrate Judge Katherine H. Parker, dated August 12, 2019. R&R, Dkt. No. 110. Before diving into a substantive review of her work, a review of the procedural posture here is warranted.

       In May 2018, Godson M. Nnaka filed suit against the Federal Republic of Nigeria ("Nigeria"), Nigerian Attorney General Abukaba Malami, former Nigerian Attorney General Mohammed Adoke (the "Nigeran Defendants"), and seven current and former Department of Justice ("DOJ") employees (the "DOJ Defendants"): Elizabeth Aloi, Daniel Claman, Michael Khoo, Ramona Claiborne, M. Kendall Day, Deborah Connor, and Mary Butler (collectively, "Defendants"). Broadly, Plaintiff alleges that Defendants conspired to violate his civil rights by tortiously interfering with a 2004 contract to recover assets for Nigeria. *See* Pl's Second Amended Compl., Dkt. No. 68 ("SAC").

On March 15, 2019, the Nigerian Defendants moved to dismiss Plaintiff's second amended complaint under Federal Rules of Civil Procedure 12(b)(1), (3), and (6), and the DOJ Defendants moved to dismiss under Rule 12(b)(2) and (6). Dkt. Nos. 75, 78. This spurred a flurry of motion practice spanning several months. It started on April 11, 2019, when Plaintiff requested an additional forty-five days—to May 27, 2019—to file his opposition to both motions to dismiss, citing other litigation commitments and his need to respond to two separate motions in this matter after reviewing "about 150 pages of Exhibits." Dkt. No. 82. Judge Parker granted Plaintiff the extension. Dkt. No. 83. In turn, the DOJ defendants requested a weeklong extension to file their reply. Dkt. No. 84. Judge Parker granted the request. Dkt. No. 85. On May 25, 2019, Plaintiff again requested an extension, citing the same concerns. Dkt. No. 86. Judge Parker granted it, permitting Plaintiff until June 17, 2019 to oppose Defendants' motions. Dkt. No. 87. These requests came to a head on June 18, 2019, the day after the opposition was due, when Plaintiff requested another extension, citing his heavy caseload, and claimed that the DOJ Defendants did not oppose the request. Dkt. No. 88. Two days later, the DOJ Defendants wrote to the Court, stating that the DOJ Defendants had indeed objected to Plaintiff's request. Dkt. No. 89. Judge Parker denied Plaintiff's motion on June 19, 2019, and permitted Defendants until July 12, 2019 to reply. Dkt. No. 90.

On June 21 and June 24, 2019, over three months after Defendants moved to dismiss, Plaintiff filed his oppositions—first with respect to the DOJ Defendants' motion, and then with respect to the Nigerian Defendants' motion. Dkt. Nos. 91-93. On June 25, 2019, Plaintiff requested that Judge Parker reconsider her denial of his motion for an extension of time. Dkt. No. 94. Judge Parker denied this, citing Plaintiff's failure to provide good cause for the extension of time and his failure to obey her Individual Rules. Dkt. No. 95.

The Nigerian Defendants replied on July 12, 2019. Dkt. No. 96. Plaintiff asked for the opportunity to provide a sur reply, attaching his opposition papers as exhibits. Dkt. No. 99. Judge

2

Parker denied the motion. Dkt. No. 100. Plaintiff then requested oral argument. Dkt. No. 100. Judge Parker granted the request. Dkt. No. 101.

After hearing oral argument on the motion, Judge Parker issued this R&R. Judge Parker recommended granting both Defendants' motions and dismissing all of Plaintiff's claims with prejudice. Judge Parker further suggested instructing Plaintiff not to file any other suits arising from the underlying claims in this case in any federal district court. R&R at 24.

Plaintiff timely filed objections to the R&R on August 26, 2019. Dkt. No. 113. Upon considering the objections Plaintiff raised, this Court ordered additional briefing. Dkt. No. 115. The DOJ Defendants responded on September 6, 2019. Dkt. No. 116. Plaintiff replied to the DOJ Defendants on September 11, 2019. Dkt. No. 120; *see also* Dkt. No. 121.

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise specific, written objections to the report and recommendation within fourteen days of being served with a copy of the report. 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(2). If a party submits a timely objection, a district court reviews *de novo* the parts of the report and recommendation to which the party objected. *See id*. When neither party submits an objection to a report and recommendation, or any portion thereof, a district court reviews the report and recommendation for clear error. *Marte v. Berryhill*, No. 17-CV-3567 (VSB) (JLC), 2018 WL 5255170, at *1 (S.D.N.Y. Oct. 22, 2018).

Having reviewed the pleadings, the parties' submissions in connection with the Defendants' motions to dismiss, the R&R, Plaintiff's objections to the R&R, the DOJ Defendants' response, and Plaintiff's reply, the Court agrees with Judge Parker's conclusions and adopts the R&R in its

3

entirety.[1] There is no clear error in the portions of the R&R to which Plaintiff has voiced no objection. As to those portions to which Plaintiff has objected, the Court has reviewed them *de novo* and concluded that the R&R is correct on all legal issues that it addresses.

Plaintiff raised a few objections not addressed by the R&R itself which merit comment here. These objections are largely process-based complaints, questioning the exercise of Judge Parker's discretion in (1) denying him a third extension of time to file his opposition papers, (2) permitting the Nigerian Defendants to file their reply in the absence of any opposition, and (3) failing to afford him enough time at oral argument to present his position. Plaintiff also argues that (4) Judge Parker's R&R "was a product of bias against plaintiff and his interest in the case." Dkt. No. 113 at 2.

First, a magistrate judge's decision to grant or deny extensions of time to file pleadings falls within the category of non-dispositive matters that a district court may modify or set side only if found to be clearly erroneous or contrary to law. *See Gibson v. Hester*, No. 05-CV-8115 (KMW)(MHD), 2007 WL 2264710, at *1 (S.D.N.Y. Aug. 3, 2007) (citing Fed. R. Civ. P. 72). This Court does not find that denying Plaintiff a third extension to file his opposition falls into either of those categories. Plaintiff had already received two extensions; he had failed to comply with Judge Parker's Individual Practices—requiring parties to make a request for an extension at least 48 hours before the deadline; and he had failed to present any good cause for another extension—merely referencing the same heavy caseload that had necessitated the other two extensions. *See* Dkt. Nos. 90, 95; *see also Dolengo v. Nw. Airlines, Inc.*, No. 92-CV-3115 (SS), 1993 WL 159964, at *4 (S.D.N.Y. May 10, 1993) (Sotomayor, J.) ("[C]ounsel must respect the deadlines set by a judge.")

---

[1] On *de novo* review, this Court recognized that Judge Parker mistakenly characterized the individual DOJ Defendants as residing in the District of Columbia. This fact, however, does not change this Court's agreement with the conclusion of her personal jurisdiction analysis.

Second, Plaintiff argues that Judge Parker's decision to permit the Nigerian Defendants to reply when Plaintiff had not been permitted to file an opposition violates Federal Rule of Evidence 106. This is not so. The rule of completeness is one that relates to evidentiary matters: if one party introduces part of a writing, an adversary may require the introduction of any other part to establish the full context. Fed. R. Evid. 106. Plaintiff has provided no cases—and this Court has found none—supporting the proposition that the Rules of Evidence govern here, or would require that Judge Parker permit Plaintiff to file his overdue opposition before considering any replies from the defendants. Judge Parker's ruling regarding the briefing scheduling therefore did not run contrary to this rule of evidence.

Third, Plaintiff also assails Judge Parker for failing to provide sufficient time for oral argument. He notes that Judge Parker had a trial running late, and that oral argument was "hasty, hurried and rushed" as a result. Dkt. No. 113 at 4. Because of this, Plaintiff claims that his "constitutional right to be heard was denied him." *Id.* Oral argument is not a necessary component of due process in all instances, and even "substantial" questions of law can be resolved on the pleadings. *FCC v. WJR, The Goodwill Station*, 337 U.S. 265, 276 (1949). This Circuit has also placed the determination of "how much, if any, oral argument is appropriate in a given case" squarely within the discretion of judges. *Doctor's Assoc., Inc. v. Distajo*, 66 F.3d 438, 448 (2d Cir. 1995). "A court abuses its discretion when "(1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Royal Park Investments SA/NV v. HSBC Bank USA, N.A.*, 14-CV-8175 (LGS), 2018 WL 745994, at *1 (S.D.N.Y. Feb. 6, 2018) (quoting *Zervos v. Verizon New York, Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)). It is certainly regretful when busy court calendars require that judges schedule many matters in one day, with some inevitably running late and disrupting the carefully coordinated domino line, but Judge Parker's decision to hold an abbreviated

5

oral argument on a motion to dismiss does not constitute a constitutional violation, nor an abuse of her discretion.

Finally, Plaintiff has argued that Judge Parker's R&R exhibits bias against him. Dkt. No. 113 at 2, 6. Plaintiff's concern is driven heavily by the fact that the R&R draws conclusions that are contrary to Plaintiff's position. The Court has given due consideration to Plaintiff's expressed concern. The Court has independently reviewed the legal analysis and conclusions contained within the R&R and has determined that they are sound. Given the absence of any other evidence of bias on the part of Judge Parker, the Court adopts the R&R without reservation.

Judge Parker recommended that the Court issue to Plaintiff "a stern warning against further asserting baseless claims arising out of the Abacha Litigation and his supposed 'contract' with Nigeria and abusing the judicial process by filing frivolous or duplicative suits in his quixotic quest to lay claim to assets belonging to Nigeria." R&R at 24. The R&R also recommended that "Plaintiff should be instructed no[t] to file any other suits arising from the Abacha Litigation in any federal district court." *Id.* Plaintiff did not object to those aspects of the R&R.

Judge Parker's recommendation that the Court administer a stern warning to Plaintiff is well-warranted, given the history of Plaintiff's conduct here and in the D.C. courts, as described in the R&R. Plaintiff is so warned. To the extent that the R&R can be read to suggest that the Court enjoin Plaintiff from filing further suits, however, the Court is not doing so. The Court expects that Plaintiff will be mindful of this warning and of the possible sanctions that may be imposed against him and his counsel if either files additional cases arising from the Abacha Litigation that are found to be frivolous or otherwise sanctionable.

Accordingly, for the reasons articulated in Judge Parker's well-reasoned R&R, Plaintiff's objections are overruled and the R&R is adopted in its entirety as the opinion of the Court, with the exception of the recommendation that the Court specifically enjoin Plaintiff from pursuing further litigation. Plaintiff's complaint is dismissed with prejudice.

The Clerk of Court is directed to enter judgment for Defendants and to close this case.

SO ORDERED.

Dated: September 19, 2019
New York, New York

_____
GREGORY H. WOODS
United States District Judge